United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60240
Summary Calendar

SALVADOR LEON-HERNANDEZ,

                                        Petitioner,

versus

JOHN ASHCROFT, U. S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A75 244 560
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Salvador Leon-Hernandez ("Leon") petitions this court for
review of the Board of Immigration Appeal's ("BIA") denial of his
motion to suppress and final order of removal. Leon argues that
the factual findings in this case are subject to de novo review
because the Immigration Judge ("IJ") did not make sufficient
findings of fact. He contends that inconsistencies in the
testimony of the two Border Patrol agents who stopped him,
Lawrence Robinson and Enrique Flores, made their testimony not
credible. He further asserts that Robinson and Flores did not

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

have reasonable suspicion to make the traffic stop that led to his arrest and the present removal proceedings.

On a petition for review of a BIA decision, we review factual findings for substantial evidence and questions of law de novo. Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We review the order of the BIA and will consider the underlying decision of the IJ only if it influenced the determination of the BIA. Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 348 (5th Cir. 2002). In the present case, the BIA made sufficient factual findings and did not rely upon the ruling of the IJ. Accordingly, we review the factual findings of the BIA for substantial evidence. See id.; Lopez-Gomez, 263 F.3d at 444.

Although there were some inconsistencies between Robinson's testimony and Flores's testimony, their testimony was not incredible as a matter of law. See United States v. Casteneda, 951 F.2d 44, 48 (5th Cir. 1992); United States v. Washington, 44 F.3d 1271, 1282 (5th Cir. 1995). Accordingly, we will not disturb the BIA's determination that the testimony of Robinson and Flores was credible. See Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994).

Both Robinson and Flores testified that Leon did not stop at a stop sign and that the occupants of his truck looked surprised

and behaved suspiciously.  Flores asserted that the occupants of the truck avoided making eye contact with him and did not wave to him like ranchers from the area did.  Flores averred that he had been assigned to the area in question for 17 years and that smugglers often used the road on which Leon was traveling.  Given the totality of the circumstances, the BIA did not err by finding that Robinson and Flores had a reasonable suspicion to stop Leon.  See United States v. Morales, 191 F.3d 602, 604-07 (5th Cir. 1999); United States v. Orozco, 191 F.3d 578, 582-83 (5th Cir. 1999).  The stop did not involve a flagrant violation of the Fourth Amendment that transgressed notions of fundamental fairness.  See Young v. INS, 759 F.2d 450, 454 (5th Cir. 1985).

Leon's petition for review is DENIED.